# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3677 | **DATE** | 11/15/2001 |
| **CASE TITLE** | USA ex rel REGINALD MAHAFFEY vs. SCHOMIG | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied. This action is dismissed in its entirety. Any other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

JS

number of notices

NOV 1 6 2001
date docketed

docketing deputy initials

date mailed notice

01 NOV 16 AM 8: 27

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel.    )
REGINALD MAHAFFEY,    )
    )
    Petitioner,    )
    )
    v.    )
    )    No. 01 C 3677
JAMES SCHOMIG, Warden,    )
Pontiac Correctional Center    )
    )
    Respondent.    )
    )

**DOCKETED**

NOV 1 6 2001

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 27, 2001, petitioner Reginald Mahaffey ("Mahaffey") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, containing thirteen grounds for relief. For the following reasons, Mahaffey's petition for habeas relief is DENIED.

## BACKGROUND

At a jury trial in 1985, Mahaffey was convicted of murder in the Circuit Court of Cook County. He was thereafter sentenced to death. Mahaffey appealed his conviction and death sentence to the Illinois Supreme Court, which reversed and remanded the case after determining that Mahaffey's constitutional rights were violated because his trial should have been severed from that of his co-defendant. See People v. Mahaffey, 128 Ill.2d 388, 539 N.E.2d 1172 (Ill. 1989). Mahaffey was retried in 1991, where he waived his right to counsel and represented himself before a jury at trial and during the sentencing hearing. On April 18, 1991, the jury found Mahaffey guilty of the

murders of JoEllen and Dean Pueschel and of the attempted murder of Richard Pueschel. Mahaffey was also convicted of home invasion, rape, armed robbery, aggravated battery to a child, residential burglary, and theft (over $300). Mahaffey was sentenced to death on May 22, 1991.

Mahaffey then appealed his convictions and death sentence to the Illinois Supreme Court, raising the following issues: 1) whether the trial court erred in finding that Mahaffey was fit to stand trial and waive his right to counsel; 2) whether the trial court erred in failing to allow his attorney to be present at his pre-trial psychiatric examination; 3) whether the trial court erred in denying Mahaffey's motion to quash his warrantless arrest; 4) whether the trial court erred in denying Mahaffey's motion to suppress evidence from police officers' warrantless search; 5) whether petitioner's Fifth Amendment rights were violated by the state's use of the results from Mahaffey's competency examination where he was not given *Miranda* warnings beforehand; 6) whether the prosecutor's closing argument violated Mahaffey's Eighth Amendment rights; 7) whether the jury verdicts at sentencing were legally inconsistent; and 8) whether the Illinois Death Penalty Statute is unconstitutional. The Illinois Supreme Court affirmed Mahaffey's convictions and death sentence, see People v. Mahaffey, 166 Ill.2d 1, 651 N.E.2d 1055 (Ill. 1995), and the United States Supreme Court denied Mahaffey's petition for writ of certiorari, see Mahaffey v. Illinois, 516 U.S. 10450, 116 S.Ct. 547 (1995).

Prior to post-conviction proceedings, the trial court conducted a fitness hearing and determined Mahaffey to be fit for post-conviction proceedings. Following the trial court's finding of fitness, Mahaffey sought post-conviction relief and moved to vacate his convictions and sentences. The trial court summarily denied his petition and motion. Mahaffey then appealed to the Illinois Supreme Court, raising the following claims: 1) whether the prosecutor withheld evidence

in violation of <u>Brady v. Maryland</u> which would have supported Mahaffey's claim that his arrest was illegal and his confession coerced; 2) whether Mahaffey was denied effective assistance of counsel at trial where his attorney failed to investigate such allegations and present evidence with respect thereto; and 3) whether petitioner was deprived of his right to represent himself at sentencing. The Illinois Supreme Court affirmed the trial court's order denying Mahaffey post-conviction relief. <u>See</u> <u>People v. Mahaffey</u>, 194 Ill.2d 154, 742 N.E.2d 251 (Ill. 2000). On July 27, 2001, Mahaffey's counsel filed this petition for writ of habeas corpus. Respondent has answered the petition and acknowledges that Mahaffey has exhausted state remedies as required by 28 U.S.C. § 2254(b). (Resp.'s Answ. at 27-28.).

## STANDARD OF REVIEW

A federal court may grant a writ of habeas corpus on behalf of a prisoner held in custody pursuant to a state court judgment only if the petitioner is held in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). It follows that errors of state law are irrelevant unless they resulted in the deprivation of a constitutional or federal right. <u>See</u> <u>Estelle v.. McGuire</u>, 502 U.S. 62 (1991); <u>Gonzales v. DeTella</u>, 127 F.3d 619, 621 (7th Cir.1997), <i>cert. denied</i>, 523 U.S. 1032 (1998). And it must be kept in mind that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 681 (1986).

Prior to the court's consideration of petitioner's claims on the merits, a habeas petitioner must meet several distinct procedural requirements. A habeas petitioner must first have given the state's highest court an opportunity to address each claim. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999). Each claim must have been "fairly presented," in the manner prescribed by state law,

apprising the state courts of the facts and law supporting each claim. A constitutional claim presented to the state courts solely in state-law terms may be found to have been forfeited. See Wilson v. Briley, 243 F.3d 325, 327-28 (7th Cir.2001); Moleterno v. Nelson, 114 F.3d 629, 634 (7th Cir.1997). Procedural default can occur where: (1) the petitioner presents an issue within a petition never before presented to the state court for review, see Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995); (2) the petitioner failed to properly and fairly raise the federal element of an issue now presented on petition first to the state court for review, see Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992); or (3) the state court previously disposed of an issue now presented on petition on an independent and adequate state law ground, such as a state procedural bar, see Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991).

Once these prerequisites have been met and a federal court reaches the merits of a petitioner's claims, the court may grant a writ of habeas corpus on a claim decided on the merits by the state courts only if the state courts' rejection of that claim either (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Further, 28 U.S.C. § 2254(e)(1) provides that determinations of factual issues by state courts are presumed correct, and the presumption may be rebutted only by clear and convincing evidence.

## ANALYSIS

Mahaffey's claims pending in this petition are as follows: (1) a violation of Brady rights when prosecution suppressed material evidence favorable to Mahaffey; (2) denial of effective

4

assistance of counsel for failure of defense counsel to investigate, discover and present favorable, material evidence; (3) state court error in denying Mahaffey's motion to quash warrantless arrest and suppress evidence obtained in warrantless search; (4) unreasonable application of federal law where state court ruled that petitioner was fit to stand trial and waive counsel; (5) denial of the right to the presence of counsel at pretrial psychiatric examination; (6) use of perjured forensic testimony to obtain conviction; (7) unconstitutional use of results of a court-ordered competency examination where Mahaffey was not given *Miranda* warnings prior to the examination; (8) right to self-representation violated; (9) unconstitutional quoting of biblical passage during prosecution's closing statement; (10) legally inconsistent jury verdicts; (11) Illinois death penalty statute unconstitutionally places burden of proof on Mahaffey; (12) unreasonable determination by the Illinois Supreme Court that features of the death penalty statute are constitutional; (13) delay in carrying out Mahaffey's execution constitutes cruel and unusual punishment. For the following reasons, Mahaffey's petition for writ of habeas corpus is denied in its entirety.

I.    Violation of Brady Rights

Mahaffey argues first that his constitutional right to due process of law and his right to a fair trial were violated when, during the 1984 hearing on his motion to suppress, the State failed to disclose to the defense all exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Mahaffey raised this argument for the first time during post-conviction relief proceedings. In its October 13, 2000 decision affirming the denial of Mahaffey's claim for post-conviction relief, the Illinois Supreme Court found that this argument of Mahaffey's was procedurally defaulted for failure to argue this claim on direct appeal. See People v. Whitehead, 169 Ill.2d 355, 371, 662 N.E.2d 1304 (1996) (the failure to raise an issue on direct appeal results in

that issue being waived in post-conviction proceedings). However, Illinois law provides that a court may review a post-conviction claim which has not been properly preserved where fundamental fairness so requires, based on a "cause and prejudice" test. See Whitehead, 169 Ill.2d, at 371-72. "Cause" has been defined as "an objective factor that impeded defense counsel's efforts to raise the claim on direct review," People v. Franklin, 167 Ill.2d 1, 20, 656 N.E.2d 750 (1995), and "prejudice" has been defined as "an error which so infected the entire trial that the defendant's conviction violates due process." Id.

In this case, the Illinois Supreme Court found that Mahaffey failed to establish prejudice because no error occurred. Upon review of the facts and exhibits presented by Mahaffey in his amended post-conviction petition, the Illinois Supreme Court found that the allegedly exculpatory documents Mahaffey claimed the prosecution withheld in violation of the *Brady* rule were not in existence at the time of the 1984 suppression proceedings and therefore could not have been disclosed to the defendant, and that Mahaffey had made no showing that the information contained within the documents was available to the State at the time of the hearing. Further, the Illinois Supreme Court found that Mahaffey failed to present any evidence to support his claim that in early 1984 there was an "investigation" of alleged Area 2 police brutality used to elicit coerced confessions from other suspects, and therefore Mahaffey's argument that the State "knew" that Area 2 officers were being "investigated" and failed to disclose information was found to be unavailing. Finally, the Illinois Supreme Court found that the evidence indicated that any nexus between alleged incidents of abuse of other suspects and Mahaffey's claims did not arise until several years after Mahaffey's motion to suppress. Therefore, the Illinois Supreme Court held that the fundamental fairness exception to the procedural bar resulting from waiver could not be invoked.

6

Before a federal court may address the merits of a habeas corpus petition, the petitioner must provide the state courts with the opportunity to review his constitutional claims. See Boerckel v. O'Sullivan, 135 F.3d 1194, 1196 (7th Cir. 1998); Momient-El v. DeTella, 118 F.3d 535, 538 (7th Cir.), cert. denied, 522 U.S. 984, 118 S.Ct. 448 (1997). If a state court declines to review a petitioner's claim because the petitioner has failed to satisfy a state procedural rule, that claim is procedurally defaulted and barred from federal habeas review. See Boerckel, 135 F.3d at 1197; Aliwoli v. Gilmore, 127 F.3d 632, 634 (7th Cir.1997). Thus, "[i]f a claim is found to be waived by an Illinois appellate court, . . . we will not entertain that claim," unless the petitioner can establish both cause for the procedural error and prejudice resulting from that error. Aliwoli, 127 F.3d at 634.

In this case, the Illinois Supreme Court declined to review Mahaffey's *Brady* argument based on its finding that Mahaffey waived his right to make this claim for failure to raise such issue on direct appeal and failed to satisfy the cause and prejudice requirements to invoke the fundamental fairness exception to Mahaffey's waiver. See Mahaffey, 194 Ill.2d, at 173. This court finds that the procedural bar employed by the Illinois Supreme Court to dispose of Mahaffey's *Brady* claim is an independent and adequate basis for disposition of Mahaffey's claim. Therefore, Mahaffey's *Brady* claim is procedurally defaulted and barred from federal habeas review unless Mahaffey can establish both cause for the procedural error and prejudice resulting from that error. This court finds Mahaffey has failed to establish the requirements of cause and prejudice.

A petitioner can establish cause for a procedural default by demonstrating that he received ineffective assistance of counsel. Pisciotti v. Washington, 143 F.3d 296, 300 (7th Cir. 1998). However, the ineffective-assistance claim must have been presented to the state courts in the manner required by state procedural rules. See id. "[A]n ineffective-assistance-of-counsel claim asserted

as cause for the procedural default of another claim can itself be procedurally defaulted . . . ." Edwards v. Carpenter, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592 (2000). In this case, Mahaffey failed to present his ineffective assistance of counsel claim on direct appeal and therefore he has failed to establish cause for the error with respect to his *Brady* claim. See infra Part II.

Mahaffey also argues that the Illinois Supreme Court failed to address a portion of his claim in which he allegedly relies on "court testimony" from other petitioners' motions to suppress hearings where they alleged that they were beaten by Area 2 officers. First, this court notes that the transcripts Mahaffey attaches to his habeas petition to support his argument are additional transcripts which have never been provided to or reviewed by the Illinois Supreme Court. Mahaffey failed to raise the issue in state court proceedings and cannot raise it for the first time in a federal habeas corpus petition, see Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998). This court finds that Mahaffey has not established cause for the error or prejudice resulting from that error to overcome the bar from federal habeas review.

Moreover, even if this court were to review Mahaffey's *Brady* argument on the merits, Mahaffey has not convinced this court that the excluded evidence was material. "[A] Brady violation does not arise due to nothing more than a possibility that the undisclosed item might have helped the defense . . . ." United States v. Hamilton, 107 F.3d 499, 510 (7th Cir. 1997) (citing United States v. Agurs, 427 U.S. 97, 109-10, 96 S.Ct. 2392 (1976)). In order to demonstrate materiality, Mahaffey must show both an abuse of discretion and prejudice. See United States v. Salerno, 108 F.3d 730, 743 (7th Cir.1997) (quoting United States v. Alvarez, 987 F.2d 77, 85 (1st Cir. 1993)) (stating that discovery violations warrant a new trial only when both an abuse of discretion and prejudice are shown); see also United States v. Miller, 199 F.3d 416, 421 n.3 (7th Cir. 1999). In this context,

8

prejudice means a showing that because of the absence of the sought-after evidence, Mahaffey did not "receive[ ] a fair trial resulting in a verdict worthy of confidence." United States v. Asher, 178 F.3d 486, 496 (7th Cir. 1999) (citing Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555 (1995)). Prejudice exists when the defendant "is unduly surprised and lacks an adequate opportunity to prepare a defense, or when the violation substantially influences the jury." United States v. De La Rosa, 196 F.3d 712, 716 (7th Cir.1999).

The *Brady* material Mahaffey alleges was not disclosed by the prosecution was evidence of possible police brutality and evidence that Mahaffey's confession was coerced. This court finds that, apart from Mahaffey's confession, the State presented sufficient evidence at trial to prove Mahaffey guilty beyond a reasonable doubt. The victim of the attempted murder made an in-court identification of defendant, which was corroborated by evidence that at the time of his arrest, shortly after the murders were committed, Mahaffey was in possession of jewelry and weapons taken from the victims' home at the time of the commission of the crimes. Specifically, the jury heard evidence that numerous items of personal property which were stolen from the victims' residence were found in Mahaffey's apartment, including two dozen pieces of jewelry identified as belonging to the victims. The jury also heard evidence that, at the police station following his arrest, Mahaffey removed a man's ring from his hand and a watch from his wrist, both of which were identified at trial as belonging to one of the victims. In addition, the revolver and shotgun recovered from Mahaffey's closet were identified as belonging to the victims. In light of the overwhelming evidence against Mahaffey presented at trial, this court finds that any error in failing to disclose the alleged *Brady* material could not reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. See Kyles v. Whitley, 514 U.S. 419, 419, 115 S.Ct. 1555, 1558 (1995).

Accordingly, this court finds Mahaffey's *Brady* claim does not support his habeas petition.

## II. Denial of Effective Assistance of Counsel

In an argument related to Mahaffey's *Brady* claim, Mahaffey alleges that his attorney was ineffective for not investigating, discovering, and presenting the alleged exculpatory information at the suppression hearing. Mahaffey raised this argument for the first time in his motion for post-conviction relief and the Illinois Supreme Court found that Mahaffey had waived his right to argue such a claim for failure to raise it on direct appeal. See Mahaffey, 194 Ill.2d at 173. The Illinois Supreme Court further found that Mahaffey failed to present evidence that his trial counsel was ineffective so he therefore failed to satisfy the prejudice prong of the fundamental fairness exception. See id. at 176. Because Mahaffey was found to have defaulted on this claim based on an independent state ground, this court cannot address this claim unless Mahaffey establishes cause and prejudice for the default. This court finds that Mahaffey has not made the required showing that he was prejudiced by the finding of procedural default of his ineffective assistance of counsel claim.

To establish that he was deprived of the effective assistance of counsel, Mahaffey must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's errors were so serious as to deprive Mahaffey of a fair trial, a trial whose result is reliable. Strickland v. Washington, 466 U.S. 668, 685 (1984). The Illinois Supreme Court found, in reviewing the evidence Mahaffey presented in his motion for post-conviction relief, that the alleged exculpatory information was unavailable at the time of Mahaffey's original suppression hearing and thus "could have been neither discovered nor presented by defense counsel." Mahaffey, 194 Ill.2d at 176. The Illinois Supreme Court concluded that Mahaffey's counsel's representation did not fall below an objective standard of reasonableness. This court agrees with the Illinois

Supreme Court's findings, and again notes that the additional transcripts Mahaffey now attaches to his habeas petition which have never been presented before the Illinois Supreme Court are considered procedurally defaulted and cannot be considered by this court. Because Mahaffey's claim does not amount to ineffective assistance of counsel, Mahaffey does not establish prejudice sufficient to overcome procedural default of the issue.

Moreover, even if this court were to assume Mahaffey could overcome procedural default and this court were to consider the claim on the merits and find that defense counsel acted objectively unreasonably in failing to investigate and present this evidence, this court would still find that Mahaffey has not established prejudice under the *Strickland* test. The additional transcripts Mahaffey attaches to his habeas petition, which Mahaffey claims his ineffective counsel failed to present at the suppression hearing, include trial transcripts from other defendants' motions to suppress hearings alleging police brutality by Area 2 police officers and evidence that his confession was coerced and should have been excluded. In light of the overwhelming evidence of Mahaffey's guilt, even if his confession had been excluded from evidence, the outcome of Mahaffey's trial would have been the same because beyond Mahaffey's confession, the State presented evidence to establish Mahaffey's guilt beyond a reasonable doubt. See supra at 9. Since any error by defense counsel in investigating and presenting the *Brady* evidence did not prejudice Mahaffey, this court accordingly rejects Mahaffey's *Strickland* claim.

III. Warrantless Arrest and Search

Mahaffey next argues that the state court erred in denying Mahaffey's motion to quash his warrantless arrest and suppress evidence obtained in the warrantless search of his apartment. The Illinois Supreme Court found that the warrantless arrest was justified by exigent circumstances and

11

that the warrantless search was justified by consent and exigent circumstances. See Mahaffey, 166 Ill.2d at 23-24. Presuming the factual determinations of the state court to be correct because Mahaffey has not presented clear and convincing evidence to show otherwise, see 28 U.S.C. 2254(d), this court finds the Illinois Supreme Court's application of United States Supreme Court precedent did not involve an unreasonable application of clearly established Supreme Court law, or result in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The factual record indicates that Mahaffey was paying some money to Morriell Redmond ("Redmond") for use of Redmond's bedroom, which Redmond rented from his grandmother. The Illinois Supreme Court found that on the day of the arrest and search, Redmond consented to the officers' entry into Redmond's apartment and the bedroom where the officers found Mahaffey and arrested him. The Illinois Supreme Court found that the payment of money by Mahaffey to Redmond for use of the bedroom did not preclude a finding that Redmond was authorized to consent to a search of the entire premises because Redmond was at least a cotenant in the apartment and there was no testimony that Redmond was not authorized to enter the bedroom where Mahaffey was arrested. The court further found that the door to the bedroom was open at the time, there was no evidence Mahaffey customarily kept it locked or otherwise restricted Redmond's access to the room, and the furniture in the apartment belonged to Redmond. Under United States Supreme Court law, "[t]he authority which justifies the third-party consent does not rest upon the law of property . . . but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that others have assumed the risk that one of their number might

permit the common area to be searched." <u>United States v. Matlock</u>, 415 U.S. 164, 171, 94 S.Ct. 988, 993 (1974). Upon review of the facts and the law, this court finds the Illinois Supreme Court's ruling with respect to Redmond's consent was not an unreasonable application of federal law as determined by the United States Supreme Court.

The Illinois Supreme Court went on to find that exigent circumstances separately justified the warrantless search and arrest. The Illinois Supreme Court found that the arresting officers had a clear showing of probable cause, as they had received detailed information from defendant's brother regarding the offense, and there was the likelihood that Mahaffey would flee if he were not apprehended quickly because the officers feared that the Mahaffey was going to be warned of the officers' arrival. The court further found that the nature of the officers' entry was peaceful, that they requested entry and were allowed in by Redmond, and that they were aware of the gravity of the offenses involved and knew that Mahaffey was probably armed. The court did not find any evidence of unjustified delay by the officers in which they could have obtained search and arrest warrants. The officers received information about where Mahaffey was staying and where items were taken from the crime scene could be found at 2:00 a.m. and immediately drove to the apartment where Mahaffey was staying, arriving there around 4:15 a.m. Taken together, this court finds that the circumstances were sufficient to sustain the Illinois Supreme court's conclusion that the search and arrest were justified by exigent circumstances and that the Illinois Supreme Court's decision was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

IV. <u>Fitness to Stand Trial</u>

Mahaffey next contends that the Illinois Supreme Court's ruling that Mahaffey was fit to

stand trial and to waive counsel prior to his retrial was an unreasonable application of federal law. The record indicates that prior to his retrial, counsel for Mahaffey moved for a hearing to determine whether Mahaffey was fit to stand trial. At that hearing, held over the course of several days, two medical experts testified on behalf of the State that based upon examinations of Mahaffey and a review of relevant records, Mahaffey was fit to stand trial. The State's experts found that while Mahaffey had an antisocial personality disorder, with borderline intellectual functioning, and had previously sustained a closed-head injury, none of these problems interfered with Mahaffey's capacity to understand the nature and purpose of the proceedings and to assist in his own defense. The State's experts found that Mahaffey showed he was preoccupied with religion but not laboring under a mental delusion. At the fitness hearing, the State also presented testimony from four guards at the Cook County jail who had been in contact Mahaffey from late October 1989 through the time of the fitness hearing more than a year later. The guards testified that Mahaffey did not engage in any unusual or abnormal behavior, and a search of disciplinary records failed to reveal that Mahaffey had incurred any disciplinary tickets during that period. The Illinois Supreme Court also noted that at trial, Mahaffey asked witnesses appropriate questions, made proper objections at various points in the proceedings. At the fitness hearing, Mahaffey's counsel presented one expert witness who testified that based upon his examination, Mahaffey had an elaborate system of religious delusions and was suffering from an organic delusional disorder.

The Illinois Supreme Court noted first that "[t]he credibility and weight to be given psychiatric testimony are for the trier of fact," People v. Bilyew 73, Ill.2d 294, 302, 383 N.E.2d 212 (1978), and that based upon the ample expert evidence in this case, the trial judge's finding that Mahaffey was fit for trial was not against the manifest weight of evidence. See Mahaffey, 166 Ill.2d,

at 18. Pursuant to the competency standard enunciated by the United States Supreme Court, Mahaffey is competent to stand trial if he "has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has a "rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 788-89 (1960) (per curiam). This court finds that, in light of the ample evidence to support Mahaffey's competence, the Illinois Supreme Court's finding that Mahaffey was fit to stand trial did not result in a decision that was contrary to or involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Since competence to waive counsel is measured by the same standard as competence to stand trial, see Godinez v. Moran, 509 U.S. 389, 397, 113 S.Ct. 2680, 2685 (1993), this court also finds the Illinois Supreme Court's determination that Mahaffey was fit to waive counsel was a reasonable application of clearly established United States Supreme Court precedent.

V. Right to Counsel at Pre-trial Psychiatric Examination

As part of the fitness inquiry prior to trial, the court ordered psychiatric examinations of Mahaffey conducted by the prosecution's experts. Mahaffey contends that he had a Sixth Amendment right to presence of counsel at the pretrial psychiatric examinations because such examinations were "critical stages" of the proceedings, emphasizing that the presence of counsel is important if counsel is later to conduct an effective cross examination of the expert witness. The Illinois Supreme Court rejected this argument on direct appeal, stating that there are valid diagnostic reasons for refusing to permit counsel to be present during a psychiatric exam. See Mahaffey, 166 Ill.2d at 19-20.

The United States Supreme Court has held that defense counsel must be given advance notice

of a fitness examination and that the Sixth Amendment right to counsel was violated when the defendant in that case "was denied the assistance of his attorneys in making the significant decision of whether to submit to the [psychiatric] examination and to what end the psychiatrist's finding could be employed." Estelle v. Smith, 451 U.S. 454, 471, 101 S.Ct. 1866, 1877 (1981). However, the United States Supreme Court expressly did not rule that a defendant is entitled to the presence of counsel during the exam. The Court stated that "[r]espondent does not assert, and the Court of Appeals did not find, any constitutional right to have counsel actually present during the examination. In fact, the Court of Appeals recognized that 'an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination.'" Estelle, 451 U.S. at 470 n.14, 101 S.Ct. at 1877 n.14. This court finds that the Illinois Supreme Court properly refrained from extending application of Estelle in deciding that Mahaffey did not have a Sixth Amendment right to counsel during his pre-trial psychiatric examination, and that its application of the federal law was not contrary to or an unreasonable application of clearly established United States Supreme Court precedent. Accordingly, this court finds Mahaffey's Sixth Amendment claim is without merit.

VI. Use of Perjured Forensic Testimony

Mahaffey argues that his constitutional rights were violated where his conviction was obtained through use of false forensic testimony. This argument is procedurally defaulted because Mahaffey failed to raise this claim in state court. Procedural default can occur where: (1) the petitioner presents an issue within a petition never before presented to the state court for review. See Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995). A claim that has been procedurally defaulted cannot be heard by a federal court unless the petitioner can show both adequate cause to excuse his

failure to raise the claim in state court and actual prejudice resulting from the procedural default. See Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497,2507 (1977); Mills v. Jordan, 979 F.2d 1273, 1277 (7th Cir. 1992). This court finds that Mahaffey has not presented any evidence of cause for the procedural error. Additionally, in light of the overwhelming evidence against Mahaffey, this court finds that even if the alleged perjured testimony were excluded from evidence at the retrial, the State had enough evidence such that a reasonable trier of fact could find Mahaffey guilty beyond a reasonable doubt of the crimes of which he was convicted.

## VII. Unconstitutional Use of Results From Competency Exam

Following Mahaffey's conviction, but prior to his capital sentencing hearing, defense counsel raised the question of Mahaffey's fitness again and the trial court ordered psychiatrist Dr. Robert Reifman to examine Mahaffey to determine his fitness to be sentenced. Dr. Reifman determined that Mahaffey met the legal requirements and standards for fitness in that he understood the purpose of the sentencing procedure and was able to assist his counsel in the mitigation/aggravation phase if he chose to do so. Dr. Reifman also found Mahaffey to be cooperative and not suffering from any mental condition or disease. During the second phase of Mahaffey's sentencing hearing, the prosecution presented Dr. Reifman as a witness in aggravation. Dr. Reifman testified that there was no evidence Mahaffey was suffering from a mental disease, but that he did believe Mahaffey had a mixed personality disorder and was anti-social, self-centered, child-like, immature, and very impulsive. Mahaffey argues that Dr. Reifman should have been precluded from testifying because Mahaffey was not given *Miranda* warnings prior to the examination. The Illinois Supreme Court held first that Mahaffey failed to preserve this issue for appellate review due to his failure to object to the psychiatrists testimony at the sentencing hearing, failure to include such issue in his post-

sentencing motion, and failure to demonstrate that the issue rose to the level of plain error. <u>See</u> <u>Mahaffey</u>, 166 Ill.2d at 25. This court finds that the procedural bar employed by the Illinois Supreme Court to dispose of this claim was an independent and adequate basis for disposition. Mahaffey does not present evidence of any cause for the procedural errors by counsel, and this court finds Mahaffey has also failed to establish prejudice resulting from the procedural errors.

The Illinois Supreme Court found, and this court agrees, that the evidence at the second stage of defendant's sentencing hearing was not closely balanced. Mahaffey did not present any evidence in mitigation while the State presented extensive evidence in aggravation, including Mahaffey's repeated criminal conduct and Mahaffey's role in the brutal crimes committed. Additionally, while Dr. Reifman testified that Mahaffey was not suffering from a mental disease, he also testified that Mahaffey had a personality disorder and described its main characteristics. This court agrees with the Illinois Supreme Court's conclusion that the jurors would have been as likely to consider this testimony in mitigation as in aggravation. This court finds that error in allowing this testimony did not have substantial and injurious effect or influence on the jury that sentenced Mahaffey. Therefore, this court rejects Mahaffey's argument that Dr. Reifman's testimony was wrongly admitted.

VIII. <u>Denial of Right to Self-Representation</u>

In a related argument, Mahaffey argues that his right to represent himself was violated when his stand-by legal advisor, an assistant public defender appointed by the trial court, requested a fitness examination prior to sentencing and such examination resulted in evidence, in the form of Dr. Reifman's testimony, being used by the prosecution during the second stage of the sentencing hearing. Mahaffey raised this argument for the first time in his motion for post-conviction relief. The Illinois Supreme Court found that Mahaffey's claim was waived because Mahaffey never argued

on direct appeal that his right to self-representation was violated during the sentencing proceedings. Mahaffey, 194 Ill.2d at 185. The Illinois Supreme Court further found that Mahaffey failed to satisfy the cause and prejudice requirements of the fundamental fairness exception and that this claim was therefore procedurally barred. See id.

This court finds that the Illinois Supreme Court's decision that Mahaffey procedurally defaulted on the claim was based upon an independent and adequate state law ground, and that Mahaffey has failed to show cause for the procedural error and prejudice resulting from that error. Therefore, Mahaffey's argument that he was denied his right to represent himself is barred from federal habeas review. This court further notes that even were the court to consider this claim on the merits, the court would find that Mahaffey's constitutional rights were not violated. See McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944 (1984) (holding that defendant is not deprived of his Sixth Amendment right to self-representation by stand-by counsel's unsolicited participation in the trial even in the event that it somewhat undermines pro se defendant's appearance of control over his own defense).

IX. Improper Reference to the Bible During Prosecution's Closing Argument

In Mahaffey's closing argument during his sentencing hearing, Mahaffey made numerous references to religious themes. In his rebuttal argument, the prosecutor made the following comments:

Divine Justice. [Mahaffey] reads from the Bible. Exodus, chapter 21, verse 1: 'Whoever strikes a man so that he dies shall be put to death but if he did not lie in wait for him but God let him fall into his hand then I will appoint for you a place to which he may flee. But if a man willfully attacks another to kill him

treacherously you shall take him from my altar that he may die.' So ends the reading of Holy Scripture.

Mahaffey, 166 Ill.2d at 29.

Mahaffey did not object to this portion of the prosecutor's argument at the time of the hearing but raised the issue later in his post-sentencing motion. Mahaffey argued that the prosecution's Biblical reference was wholly improper, irrelevant and highly prejudicial. The Illinois Supreme Court held that this issue had been waived by Mahaffey because he raised it only in his post-sentencing motion and did not make a contemporaneous objection at the sentencing hearing. See Mahaffey, 166 Ill.2d at 29. The Illinois Supreme Court further found that the plain error exception to the waiver did not apply because the evidence at the second stage of sentencing was not closely balanced since Mahaffey did not put forth any evidence in mitigation while the State introduced extensive evidence in aggravation. See id. at 29-30.

Mahaffey now raises this argument in support of his habeas petition. This court finds the Illinois Supreme Court's determination of procedural default was based on an independent and adequate state ground. Further, this court finds that Mahaffey has not demonstrated cause for the procedural error and actual prejudice from the error to overcome the bar from federal habeas review. First, this court notes that Mahaffey has not presented any evidence of cause for the procedural error. Second, as this court discussed above, this court agrees with the Illinois Supreme Court's finding that the evidence presented during Mahaffey's sentencing hearing "was not closely balanced." See id. In light of the fact that Mahaffey did not choose to put any mitigation evidence before the jury and the State introduced extensive evidence in aggravation, this court finds that Mahaffey was not actually prejudiced by the prosecution's reference to the Bible. Moreover, the jurors were properly

advised on the nature and purpose of the parties' arguments and would have understood that the prosecutor's comments did not constitute evidence and did not supplant the instructions the jury received. Accordingly, Mahaffey's claim that his Eight Amendment Rights were violated do not support his habeas petition.

X. Legally Inconsistent Verdicts

Mahaffey also contends that the jury returned legally inconsistent verdicts at the conclusion of the first, or eligibility, stage of the bifurcated sentencing hearing. The State sought to base Mahaffey's eligibility for the death penalty on two aggravating circumstances: Mahaffey's commission of multiple murders and Mahaffey's commission of murder in the course of a specified felony. The jury returned a verdict on the latter ground, but not on the multiple-murders ground. The multiple-murder verdict required the jury to find that Mahaffey had been convicted of murdering two or more persons and that the deaths were the result of an intent to kill more than one person, or of separate acts that the defendant knew would cause death or create a strong probability of death or great bodily harm to the victim or another. The murder-in-course-of-felony aggravating circumstance required the jury to find that Mahaffey acted with the intent or knowledge in killing or injuring the murdered person.

Under Illinois law, verdicts returned in the same action which are legally inconsistent should be set aside and a new trial granted. See Mercado v. Ahmed 974 F.2d 863, 866 (7th Cir. 1992). The Illinois Supreme Court found no legal inconsistency between the two verdicts, reasoning that the jury's failure to return a finding on the multiple-murder aggravating circumstance necessarily meant that the jury was unable to determine that the defendant acted with knowledge or intent with respect to both victims. The Illinois Supreme Court concluded that the jury could have found Mahaffey

possessed the requisite intent and knowledge with regard to one of the victims but not with regard to the other victim. If that were the case, then the jury would not have been able to return a finding on the multiple-murder aggravating circumstance, yet could have returned a finding on the murder-in-course-of-felony circumstance, which required the jury to make such a finding with respect to only one of the murder victims.

This court notes, first, that while Mahaffey contends that the Illinois Supreme Court unreasonably misapplied applicable federal law when it determined that the jury returned legally consistent verdicts, Mahaffey's counsel does not cite to any United States Supreme Court precedent in the habeas petition to support this argument. To the contrary, the United States Supreme Court has stated that "inconsistent verdicts are constitutionally tolerable," see Standefer v. United States, 447 U.S. 10, 25, 100 S.Ct. 1999, 2008 (1980), and "[i]n a criminal case, a jury's apparently inconsistent verdict is allowed to stand." City of Los Angeles v. Heller, 475 U.S. 796, 804, 106 S.Ct. 1571, 1576 (1986). See also United States v. Powell, 469 U.S. 57, 105 S.Ct. 471 (1984) (reaffirming general rule that inconsistent verdicts can stand); Harris v. Rivera, 454 U.S. 339, 345, 102 S.Ct. 460, 464 (1981) ("Inconsistency in a verdict is not a sufficient reason for setting it aside"); Hoag v. New Jersey, 356 U.S. 464, 472, 78 S.Ct. 829, 835 1958) ("[J]ury verdicts are sometimes inconsistent or irrational"). Upon review of the record, the Illinois Supreme Court's reasoning and Mahaffey's arguments, this court finds the Illinois Supreme Court's decision that the jury's verdicts were not legally inconsistent was not contrary to or involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Accordingly, this argument is without merit.

XI. <u>Illinois Death Penalty Statute Unconstitutionally Places Burden on Defendant</u>

Mahaffey argues that the Illinois Death Penalty statute is unconstitutional because it impermissibly places a de facto burden of persuasion on the defendant, which precludes meaningful consideration of mitigation. Mahaffey acknowledges that the United States Supreme Court has not yet considered this claim and that the Seventh Circuit has upheld the constitutionality of the Illinois Death Penalty statute, see <u>Gosier v. Welborn</u>, 175 F.3d 504, 511(1999) ("[T]here is no point in dredging up a tired contention repeatedly rejected by this court."); <u>Holman v. Gilmore</u>, 126 F.3d 876, 885 (1997) (rejecting the argument that the lack of assignment of the burden of persuasion in the Illinois capital sentencing statute was unconstitutional). Seeing as there is no United States Supreme Court precedent on this issue, Mahaffey's argument fails to establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, this court rejects this argument.

XII. <u>Illinois Death Penalty Statute Fails to Minimize Risk of Arbitrary Or Capricious Sentences</u>

The Illinois Supreme Court has ruled that various aspects of the Illinois Death Penalty statute do not render the statute unconstitutionally arbitrary and capricious on an individual basis, and therefore that the statute is constitutional as a whole. On direct appeal of his convictions, Mahaffey asked the Illinois Supreme Court to overrule its past rulings and find that the cumulative effect of various aspects of the Illinois Death Penalty statute render the statute unconstitutional. The Illinois Supreme Court rejected Mahaffey's argument and affirmed its past holdings that the statute was constitutional. See <u>Mahaffey</u>, 166 Ill.2d at 32. The Illinois Supreme Court and the Seventh Circuit have ruled adversely to each of Mahaffey's arguments. Specifically, the courts have held that

prosecutors properly have discretion in determining whether to seek the death penalty in a particular case, see Silagy v. Peters, 905 F.2d 986, 993 (7th Cir. 1990); People v. Lewis 88 Ill.2d 129, 146, 430 N.E.2d 1346 (1981), that the statute is not invalid for failing to require the prosecution to provide an accused with pretrial notice of either its intent to seek the death penalty, see Silagy v. Peters, 905 F.2d 986, 993 (7th Cir. 1990); People v. Silagy, 101 Ill.2d 147,161-62 461 N.E.2d 415 (1984), or of the aggravating evidence to be introduced at the sentencing hearing, see Silagy v. Peters, 905 F.2d 986, 993-96 (7th Cir. 1990); People v. King 109 Ill.2d 514, 547, 488 N.E.2d 949 (1986), that the statute is not invalid for failing to require the sentencer to provide a written statement of its findings, see Silagy v. Peters, 905 F.2d 986 (7th Cir. 1990); People v. King 109 Ill.2d 514, 488 N.E.2d 949 (1986), that there is no requirement of a separate finding that the death penalty is the appropriate punishment, see Silagy v. Peters, 905 F.2d 986, 999-1000 (7th Cir. 1990), that a comparative proportionality review in not required by the Federal Constitution, see Pulley v. Harris 465 U.S. 37, 104 S.Ct. 871 (1984), and that the prosecution is not constitutionally required to bear the burden of persuasion at the second stage of the sentencing hearing, see Williams v. Chrans, 945 F.2d 926, 937 (7th Cir. 1991); People v. Jones, 123 Ill.2d 387, 426, 528 N.E.2d 648 (1988).

Mahaffey argues that no other state's capital sentencing statute approved by the United States Supreme Court thus far contains a comparable absence of controls on the prosecutory's discretion. This court is not persuaded by this argument. "That other States have enacted different forms of death penalty statutes which also satisfy constitutional requirements casts no doubt on [one state's] choice, since within the constitutional limits defined by this Court's cases, the States enjoy their traditional latitude to prescribe the method of punishment for those who commit murder." Blystone v. Pennsylvania, 494 U.S. 299, 300, 110 S.Ct. 1078, 1080 (1990). Mahaffey has not presented

evidence or authority to adequately support his contention. This court finds that the Illinois Supreme Court did not unreasonably apply federal law as interpreted by the United States Supreme Court precedent in finding the Illinois Death Penalty statute constitutional.

XIII. <u>Delay in Carrying Out Death Sentence Violates Eight Amendment</u>

Mahaffey's final argument is that his constitutional rights have been violated because the delay in carrying out his sentence constitutes "cruel and unusual punishment" in violation of his Eight Amendment rights. First, this court notes that Mahaffey has procedurally defaulted on this claim for failure to raise this issue in state court. This court is barred from considering this issue because Mahaffey does not present any evidence of cause for the error and actual prejudice resulting from the error. Secondly, even if this court were to consider this issue on the merits, Mahaffey's argument would fail. This court can only grant habeas relief if Mahaffey can show that the claim was adjudicated on the merits in state court and that the adjudication either resulted in a decision contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). This court notes, and Mahaffey, himself, concedes, that the United States Supreme Court has yet to address this issue. (Mem. in Supp. of Pet. for Writ of Habeas Corpus at 109.) While Mahaffey properly states that Justice Stevens has commented on the importance of the issue in a memorandum respecting denial of certiorari, <u>see</u> <u>Lackey v. Texas</u>, 514 U.S. 1045, 115 S.Ct. 1421 (Mem) (1995), this is not a ruling on the merits. <u>See, e.g.</u>, <u>Barber v. Tennessee</u>, 513 U.S. 1184, 115 S.Ct. 1177 (1995) (the Court's denial of certiorari does not constitute a ruling on the merits.). Accordingly, Mahaffey's claim that the delay in carrying out the death sentence constitutes cruel and unusual punishment cannot support his petition for writ habeas corpus.

## CONCLUSION

For all the reasons stated above, Mahaffey's petition for writ of habeas corpus is DENIED.

This case is dismissed in its entirety. All pending motions are moot.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: November 15, 2001